## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HARBOR LAUNDRY SALES, INC.

        Plaintiff,

   v.

MAYFLOWERS TEXTILE SERVICE
CO., et al.,

        Defendants.

Civil Action No.
09-6259 (NLH)


**OPINION**


**APPEARANCES:**
Steven Maniloff, Esquire
Montgomery, McCraken, Walker & Rhoads, LLP
Liberty View
457 Haddonfield Road, Sixth Floor
Cherry Hill, NJ 08002
*Attorney for Plaintiff*

Stuart Alan Schwager, Esquire
Lerch, Early & Brewer, Chtd.
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814
*Attorney for Defendants Mayflower Textile Services Co. and
Mayflower Healthcare Textile Services LLC*

**HILLMAN, District Judge**

    This matter comes before the Court on Plaintiff's appeal
[Doc. No. 30] of the April 13, 2011 Order entered by the
Honorable Karen M. Williams, U.S.M.J., denying Plaintiff's motion
for leave to file a third amended complaint in this action.

    For the reasons expressed below, Magistrate Judge Williams'
Order will be affirmed.

I.   **BACKGROUND**

On December 11, 2009, Plaintiff, Harbor Laundry Sales, Inc., (hereinafter, "Harbor" or "Plaintiff"), filed a Complaint against Defendants Mayflower Healthcare Textile Services LLC and Mayflower Textile Services Co., (hereinafter, "Mayflower" or "Defendants"), asserting a claim for breach of contract based on Mayflower's alleged failure to pay sales commissions to Harbor pursuant to an agreement between the parties whereby Harbor solicited and procured for Mayflower healthcare system and hospital customers in need of commercial laundry services. (Compl. [Doc. No. 1] ¶¶ 38-47.)  In the complaint, Harbor also seeks: (1) an accounting by Mayflower regarding the type, pricing, and amount of laundry serviced for these healthcare system and hospital customers; and (2) a judicial declaration that Mayflower is under a continuing and future obligation to pay sales commissions to Harbor pursuant to the agreement on a monthly basis for as long as Mayflower provides laundry services to Harbor-procured customers.  (Id. ¶¶ 32-37, 48-52.)

By Order dated December 21, 2009, the Court found that Plaintiff's original complaint failed to properly aver the citizenship of Defendant Mayflower Healthcare Textile Services LLC and granted Plaintiff ten (10) days to amend the complaint to comply with the requirements of 28 U.S.C. § 1332.  (Order [Doc. No. 4] 2, Dec. 21, 2009.)  Accordingly, on December 30, 2009,

Plaintiff filed its first amended complaint pursuant to the
Court's December 21, 2009 Order.  (See Am. Compl. [Doc. No. 5].)
Subsequently, on August 11, 2010, the parties entered a
stipulation whereby Defendants consented to Plaintiff's filing of
a second amended complaint.  (Stipulation [Doc. No. 16] 1, Aug.
11, 2010.)  By way of this stipulation, the parties also agreed
that Defendants' time to file a responsive pleading to
Plaintiff's second amended complaint would be extended to August
31, 2010.  (Id. at 2.)  Accordingly, Plaintiff filed a second
amended complaint on August 11, 2010. (See Second Am. Compl.
[Doc. No. 15].)  In response, Defendants filed an answer with
affirmative defenses and asserted a counterclaim for restitution
of excess sales commissions Mayflower paid to Harbor pursuant to
the agreement.  (See generally Defs.' Answer and Affirmative
Defenses and Countercl. [Doc. No. 18].)  Plaintiff filed an
Answer to Defendants' counterclaim on October 8, 2010.  (Pl.'s
Answer to Defs.' Countercl. [Doc. No. 19].)

     On June 17, 2010, Judge Williams held an initial scheduling
conference in this matter pursuant to Federal Rule of Civil
Procedure 16.  (Minute Entry, June 17, 2010.)  Pursuant to Judge
Williams' Scheduling Order dated June 21, 2010, the time within
which the parties could seek to amend the pleadings or to add new
parties expired on September 10, 2010.  (Scheduling Order [Doc.
No. 11] ¶ 2, June 21, 2010.)  On October 8, 2010, beyond the time

3

set forth in the June 21, 2010 Scheduling Order, Plaintiff filed a motion for leave to file a third amended complaint.  On April 13, 2011, Judge Williams issued an Order [Doc. No. 28] denying Plaintiff's motion for leave to file a third amended complaint from which Plaintiff now appeals.

## II.  DISCUSSION

### A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States Magistrate Judge may "hear and determine any [non-dispositive] pretrial matter pending before the court[.]"  28 U.S.C. § 636(b)(1)(A).  A district court judge will only reverse a magistrate judge's order on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a) (recognizing that a district judge can "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."); L. Civ. R. 72.1(c)(1)(A) (noting that the district judge "shall consider the appeal ... and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").  Under this standard, "'[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Wyeth v. Abbott Labs., 692 F. Supp. 2d 453, 455 (D.N.J. 2010) (citing Marks v. Struble, 347

4

F. Supp. 2d 136, 149 (D.N.J. 2004)).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  <u>Andrews v. Goodyear Tire & Rubber Co.</u>, 191 F.R.D. 59, 68 (D.N.J. 2000). Moreover, a ruling is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law."  <u>Gunter v. Ridgewood Energy Corp.</u>, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The "burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law."  <u>Exxon Corp. v. Halcon Shipping Co.</u>, 156 F.R.D. 589, 591 (D.N.J. 1994).

Here, Judge Williams' April 13, 2011 Order pertains to a non-dispositive motion.  Therefore, the Court will examine Plaintiff's appeal under the "clearly erroneous or contrary to law" standard.  <u>See</u> <u>Exxon Corp.</u>, 156 F.R.D. at 590 ("The adjudication by a magistrate of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous of contrary to law.") (citing <u>Cipollone v. Liggett Group, Inc</u>. 785 F.2d 1108, 1113 (3d Cir. 1986)).

**B.   <u>Legal Framework</u>**

In the April 13, 2011 Order denying Plaintiff's motion for leave to file a third amended complaint, Judge Williams correctly identified and applied the relevant Rules of Civil Procedure which governed Plaintiff's motion, *i.e.*, Federal Rules 15 and

16.[1]  Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  Rule 15(a)(2) further "requires that leave to amend the pleadings be granted freely 'when justice so requires.'"  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citing FED. R. CIV. P. 15(a)) ("We have held that motions to amend pleadings should be liberally granted.")  However, in this instance, Plaintiff sought leave to file the third amended complaint on October 8, 2010, beyond the September 10, 2010 deadline set forth in the Court's initial Scheduling Order.  Therefore, as Judge Williams correctly found, Plaintiff's request was also governed by Rule 16.  See Kennedy v. City of Newark, No. 10-cv-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("After the deadline in a court's [Rule 16] Scheduling Order for amendments of pleadings has passed, however, a motion for leave to amend will be governed by both Rule 15 and Rule 16.")

Under Rule 16(b)(3)(A), the Court is required to "limit the time to join other parties, amend the pleadings, complete

---

1. The Court notes that Plaintiff brought the motion for leave to file a third amended complaint pursuant to Federal Rule 15(a)(2) but also acknowledged that the motion was subject to the requirement to show "good cause" to modify the deadlines in the Scheduling Order pursuant to Rule 16(b)(4).  (See Pl.'s Br. in Supp. of its Mot. for Leave to File a Third Am. Compl. [Doc. No. 20-6] 4-5.)

discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).
Pursuant to Rule 16(b)(4), a scheduling order "may be modified
only for good cause and with the judge's consent." Fed. R. Civ.
P. 16(b)(4). Accordingly, "[h]eightened scrutiny of a motion to
amend ... is warranted when the motion comes after the period
prescribed by Rule 16(b)(3)(A)." Stolinski v. Pennypacker, No.
07-3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011). As other
courts in this district have recognized, "a party must first
demonstrate 'good cause' to amend the Rule 16 Scheduling Order in
order to extend the deadline to amend pleadings." Velto v.
Reliance Standard Life Ins. Co., No. 10-cv-1829, 2011 WL 810550,
at *4 (D.N.J. Mar. 1, 2011) (citing Stallings ex rel. Estate of
Stallings v. IMB Corp., No. 08-3121, 2009 WL 2905471, at *15
(D.N.J. Sept. 8, 2009)). "Only once the party has shown
sufficient 'good cause' to amend the Rule 16 Order to extend the
deadline will the Court evaluate the proposed amendment under
Rule 15(a). If the moving party is unable to demonstrate 'good
cause', the Court will deny the motion and will not proceed to a
Rule 15 analysis." Velto, 2011 WL 810550, at *4.

A determination of "good cause" under Rule 16 depends on the
diligence of the moving party. GlobespanVirata, Inc. v. Texas
Instruments Inc., No. 03-2854, 2005 WL 1638136, at *3 (D.N.J.
July 12, 2005). Specifically, to demonstrate "good cause"
pursuant to Rule 16, the moving party must show that, despite its

diligence, the deadlines set forth in the scheduling order could not reasonably be met.  Id.; see also Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). Moreover, the absence of prejudice to the non-moving party does not constitute "good cause" under Rule 16.  GlobespanVirata, 2005 WL 1638136, at *3.

### C.   Plaintiff's Objections and Appeal

On appeal, Plaintiff argues that Judge Williams' April 13, 2011 Order denying leave to file a third amended complaint is clearly erroneous and contrary to law because Judge Williams failed to assess the existence of "good cause" based on all the surrounding circumstances in this case and improperly focused only on whether the thirty-eight (38) day time period between the filing of Defendants' counterclaim and the motion for leave to amend constituted a lack of diligence by Plaintiff.  (Pl.'s Objections to Judge Williams' April 13, 2011 Order [Doc. No. 30] 2.)  Accordingly, Plaintiff asserts two bases for appealing Judge Williams' April 13, 2011 Order.  First, Plaintiff argues that Plaintiff was diligent in moving to amend and that the thirty-eight day time period resulted from Plaintiff's need to determine how Defendants were calculating sales commissions paid to Plaintiff.  (Id.; see also Pl.'s Br. in Supp. of its Objections to Judge Williams' April 13, 2011 Order [Doc. No. 30-2] 14-15, 19.)  Second, Plaintiff argues that Judge Williams failed to

consider "other factors that are pertinent to a 'good cause' determination, such as the nature of the proposed amendment, the reason for the proposed amendment, the state of the case at the time the request is made, and the absence of prejudice" to the non-moving party, and inappropriately considered only whether Plaintiff could have made its request to amend before the expiration of the September 10, 2010 deadline for amending the pleadings.  (Pl.'s Objections to Judge Williams' April 13, 2011 Order [Doc. No. 30] 3; see also Pl.'s Br. in Supp. of its Objections to Judge Williams' April 13, 2011 Order [Doc. No. 30-2] 14-15, 19-20.)[2]

## III. **ANALYSIS**

In denying Plaintiff's motion for leave to file a third amended complaint, Judge Williams found that Plaintiff failed to demonstrate good cause as required under Rule 16(b) for modifying the Court's June 21, 2010 Scheduling Order which set September

---

2. On appeal, Plaintiff asserts that deposition testimony by the principals of both Plaintiff and Defendants supports Plaintiff's proposed amendment regarding the terms of the parties' agreement. (Pl.'s Br. in Supp. of its Objections to Judge Williams' April 13, 2011 Order [Doc. No. 30-2] 11-14.)  However, at the time Judge Williams considered Plaintiff's motion for leave to file a third amended complaint, no depositions had been taken, (see id. at 12), and as such, this evidence was not part of the record before Judge Williams.  Accordingly, the Court may not consider this evidence in reviewing Judge Williams' factual determinations on appeal.  Mruz v. Caring, Inc., 166 F. Supp. 2d 61, 66 (D.N.J. 2001) ("In reviewing a Magistrate Judge's factual determinations, a District Court may not consider any evidence which was not presented to the Magistrate Judge.")

10, 2010 as the deadline for moving to amend the pleadings. (Order [Doc. No. 28] ¶¶ 1, 5, Apr. 13, 2011.) Specifically, Judge Williams concluded that Plaintiff failed to demonstrate that it acted diligently in seeking the proposed amendment. (Id. ¶ 5.) Moreover, Judge Williams fully considered Plaintiff's argument that the need for leave to amend did not arise until after Defendants' counterclaim was filed on August 31, 2010, just ten days before the deadline to amend expired. (Id.) However, Judge Williams rejected this argument in light of Plaintiff's failure to sufficiently explain: (1) why the motion to amend was not filed in accordance with the September 10, 2010 deadline, or (2) at the very least, why Plaintiff was unable to request an extension of the September 10, 2010 deadline in that ten day period. (Id.) Judge Williams noted that Plaintiff largely based its arguments for leave to amend on the more liberal standard for granting amendment under Rule 15, but also recognized that Plaintiff's motion was also subject to the "more stringent" good cause standard of Rule 16 since the motion was made on October 8, 2010, well beyond the September 10, 2010 deadline. (Id.) Accordingly, Judge Williams found that in the absence of a sufficient explanation for why Plaintiff neither filed the motion by the September 10, 2010 deadline, nor sought an extension of the deadline, Plaintiff did not demonstrate sufficient good cause under Rule 16. Thus, Judge Williams denied Plaintiff's motion

for leave to amend without conducting a Rule 15 analysis.

Upon consideration of Plaintiff's appeal, the Court finds that Judge Williams' Order was neither contrary to law, nor clearly erroneous.  Specifically, Judge Williams correctly interpreted and applied the law with regard to good cause under Rule 16 where a party files a motion for leave to amend the pleadings beyond the time provided for in the Court's scheduling order.  See Kennedy, 2011 WL 2669601, at *2 (recognizing that a motion to amend is governed by both Rule 15 and Rule 16 when it is made beyond the deadline set by a Rule 16 scheduling order and requiring a showing of good cause under Rule 16).  As noted supra, motions for leave to amend made beyond the deadline set forth in the Court's scheduling order are subject to heightened scrutiny.  See Stolinski, 2011 WL 3608685, at *3.  Here, Plaintiff admits that: (1) it was aware of the September 10, 2010 deadline for seeking leave to amend; and (2) the motion for leave to amend was not filed until October 8, 2010, after the September 10, 2010 deadline expired.  (See Pl.'s Br. in Supp. of its Objections to Judge Williams' April 13, 2011 Order [Doc. No. 30-2] 3, 6, 8-9.)  Accordingly, Judge Williams' application of the more stringent standard for demonstrating good cause to amend the Scheduling Order was proper in this instance.  See, e.g., Velto, 2011 WL 810550, at *4 (concluding that a party must sufficiently demonstrate good cause under Rule 16 before the court proceeds to

the more liberal Rule 15 analysis).

On this appeal, Plaintiff attempts to argue that Judge Williams' assessment of good cause was improper because Judge Williams failed to consider "all the surrounding circumstances-as the term 'good cause' implies[.]"  (See Pl.'s Br. in Supp. of its Objections to Judge Williams' April 13, 2011 Order [Doc. No. 30-2] 14.)  Plaintiff contends that the "concept of 'good cause' requires consideration of all the surrounding factual circumstances[,]" and cites to case law from the Sixth Circuit Court of Appeals and the Eastern District of California for that proposition.  (Id. at 14-15.)  However, in this District, courts have repeatedly found that a determination of good cause under Rule 16 turns on whether the moving party can demonstrate that the scheduling order deadlines could not reasonably be met despite the party's diligence.  See, e.g., Santiago v. McDonald's Rests. of N.J., Inc., No. 06-cv-2983, 2009 WL 223407, at *3 (D.N.J. Jan. 27, 2009); GlobespanVirata, 2005 WL 1638136, at *3; Harrison Beverage, 133 F.R.D. at 469.

Despite Plaintiff's argument that good cause under Rule 16 required an assessment of the surrounding circumstances, the Court concludes that Judge Williams applied the appropriate analysis for determining good cause under Rule 16 by ruling that Plaintiff was required to demonstrate that despite acting diligently, it could not reasonably meet the deadlines set forth

in the scheduling order. (Order [Doc. No. 28] ¶ 5, Apr. 13, 2011). Moreover, Judge Williams' finding that Plaintiff failed to make a sufficient showing of good cause under Rule 16 where Plaintiff neglected to adequately explain its inability to file the motion to amend before the September 10, 2010 deadline, or to at least request a timely extension of that deadline, was not clearly erroneous or contrary to law. While Plaintiff asserts that the filing of Defendants' counterclaim on August 31, 2010 left Plaintiff with only ten days in which to examine and determine the manner by which Defendants were calculating sales commission paid to Plaintiff before the expiration of the September 10, 2010 deadline, Plaintiff continues to fail to offer a sufficient explanation of its diligence in attempting to meet the Scheduling Order deadlines.

Finally, to the extent Plaintiff argued below and continues to argue on appeal that the motion to amend was not made in bad faith, was not duly delayed, and that permitting amendment would not result in prejudice to Defendants, the Court concludes that these arguments do not demonstrate that Judge Williams' April 13, 2011 Order was clearly erroneous or contrary to law. The Court notes that even assuming that Defendants would not have been prejudiced by permitting Plaintiff to file the third amended complaint, the absence of prejudice to the non-moving party does not constitute "good cause" under Rule 16. GlobespanVirata, 2005

13

WL 1638136, at *3.  Accordingly, Judge Williams correctly excluded such considerations from the Rule 16 analysis since they were not relevant.  Similarly, although Plaintiff raised several arguments for permitting amendment under Rule 15, in finding that Plaintiff failed to demonstrate good cause under Rule 16, Judge Williams was within her discretion to deny Plaintiff's motion to amend on that basis and decline to proceed with a Rule 15 analysis.  See Velto, 2011 WL 810550, at *4 ("Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a).  If the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis.") Therefore, Judge Williams' April 13, 2011 Order was not clearly erroneous or contrary to law, and Plaintiff has failed to satisfy its burden on appeal to demonstrate otherwise.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's appeal is denied, and Magistrate Judge Williams' April 13, 2011 Order is, in all respects, affirmed.  An appropriate Order will be entered.


Date: December 16, 2011                /s/ Noel L. Hillman
At Camden, New Jersey             HON. NOEL L. HILLMAN, U.S.D.J.


14